JEFF STONE (SBN 155190)
ERIC GRAVES (SBN 179253)
KIMBERLEE TSAI (SBN 227426)
STONE & GRAVES
11335 Gold Express Drive, Suite 145
Gold River, CA 95670
Telephone:  (916) 231-0321
Facsimile:   (916) 231-0335

Attorneys for Defendant
RAMA GOGINENI

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY CROWE<br><br>                        Plaintiffs,<br><br>v.<br><br>RAMA GOGINENI, an individual;<br>BULLIVANT HOUSER BAILEY, an<br>Oregon Corporation<br><br>                        Defendants. | CASE NO.   2:11-cv-3438 JAM DAD<br><br>**DEFENDANT RAMA GOGINENI'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant RAMA GOGINENI  ("Defendant" or "Gogineni"), by and through his

undersigned counsel, hereby responds to the Complaint and Demand for Jury Trial

("Complaint") filed by Plaintiff KELLY CROWE ("Plaintiff" or "Crowe"), as follows:

## INTRODUCTION

To the extent that allegations and/or claims within Plaintiff's Complaint constitute legal

conclusions, they do not require any response and are, therefore, denied.  Furthermore, any

allegations and/or claims within Plaintiff's Complaint not specifically admitted herein are

denied.

**ANSWER**

1. In response to paragraph 1 of Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein and therefore denies the same.

2. In response to paragraph 2 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

3. In response to paragraph 3 of Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein and therefore denies the same.

4. In response to paragraph 4 of Plaintiff's Complaint, Defendant admits the allegations to the extent that Plaintiff has claimed an amount in controversy in excess of $75,000.00 but Defendant denies that Plaintiff sets forth any meritorious cause of action.

5. In response to paragraph 5 of Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

6. In response to paragraph 6 of Plaintiff's Complaint, Defendant admits that Cosmic is a dissolved corporation organized under the laws of California.  Except as so admitted, Defendant denies each and every allegation contained in said paragraph.

7. In response to paragraph 7 of Plaintiff's Complaint, Defendant admits all allegations therein.

8. In response to paragraph 8 of Plaintiff's Complaint, Defendant admits that he was the majority shareholder of Cosmic.  Except as so admitted, Defendant denies each and every allegation contained in said paragraph.

9. In response to paragraph 9 of Plaintiff's Complaint, Defendant admits that Rama Gogineni and plaintiff executed a written shareholders agreement on Feb 19, 2000.

2

Except as so admitted, Defendant denies each and every allegation contained in said paragraph.

10. In response to paragraph 10 of Plaintiff's Complaint, Defendant denies all allegations contained therein.

11. In response to paragraph 11 of Plaintiff's Complaint, Defendant denies all allegations contained therein.

12. In response to paragraph 12 of Plaintiff's Complaint, Defendant admits that Defendant and Plaintiff began having difficulty after the shareholders agreement was entered into. Except as so admitted, Defendant denies each and every allegation contained in said paragraph.

13. In response to paragraph 13 of Plaintiff's Complaint, Defendant admits all allegations contained in said paragraph.

14. In response to paragraph 14 of Plaintiff's Complaint, Defendant admits all allegations therein.

15. In response to paragraph 15 of Plaintiff's Complaint, Defendant admits that BHB services were retained in July of 2003. Except as so admitted, Defendant denies each and every allegation contained in said paragraph.

16. In response to paragraph 16 of Plaintiff's Complaint, Defendant admits the allegations therein.

17. In response to paragraph 17 of Plaintiff's Complaint, Defendant admits that BHB represented Cosmic in the California Corporation Code section 709 action filed in October 2003. Except as so admitted, Defendant denies each and every allegation contained in said paragraph.

18. In response to paragraph 18 of Plaintiff's Complaint, Defendant admits that BHB sent Plaintiff a letter on July 27, 2004 wherein they stated they were retained by Cosmic to

file an action.  Except as so admitted, Defendant denies each and every allegation contained in said paragraph.

19. In response to paragraph 19 of Plaintiff's Complaint, Defendant admits that Titan InfoTech Corp. is a dissolved California corporation that was wholly owned by Gogineni and that Gogineni held every office in Titan including director.  Except as so admitted, Defendant denies each and every allegation contained in said paragraph.

20. In response to paragraph 20 of Plaintiff's Complaint, Defendant admits that Cosmic and Titan Infotech Corp transacted with each other.  Except as so admitted, Defendant denies each and every allegation contained in said paragraph.

21. In response to paragraph 21 of Plaintiff's Complaint, Defendant denies all allegations contained therein.

22. In response to paragraph 22 of Plaintiff's Complaint, Defendant denies all allegations therein.

23. In response to paragraph 23 of Plaintiff's Complaint, Defendant denies all allegations therein.

24. In response to paragraph 24 of Plaintiff's Complaint, Defendant admits that Plaintiff sent a letter to Defendant on March 17, 2009 demanding he provide proof the transactions with Titan, which Defendant held a material financial interest in, were just and reasonable as to Cosmic.  Except as so admitted, Defendant denies each and every allegation contained in said paragraph.

25. In response to paragraph 25 of Plaintiff's Complaint, Defendant denies all allegations therein.

26. In response to paragraph 26 of Plaintiff's Complaint, Defendant admits that BHB filed a written opposition to an application for injunction on May 5, 2005.  Except as so admitted, Defendant denies each and every allegation contained in said paragraph.

DEFENDANT RAMA GOGINENI'S ANSWER TO PLAINTIFF'S COMPLAINT

27. In response to paragraph 27 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

28. In response to paragraph 28 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

29. In response to paragraph 29 of Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein and therefore denies the same.

30. In response to paragraph 30 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

31. In response to paragraph 31 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

32. In response to paragraph 32 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

33. In response to paragraph 33 of Plaintiff's Complaint, Defendant admits that Plaintiff sent a notice demanding Gogineni provide proof that the alleged large irregular transactions purportedly for "pay" between Cosmic and himself were just and reasonable as to Comic.  Except as so admitted, Defendant denies each and every allegation contained in said paragraph.

34. In response to paragraph 34 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

35. In response to paragraph 35 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

36. In response to paragraph 36 of Plaintiff's Complaint, Defendant hereby incorporates herein by reference each and every response set forth in paragraphs 1 through 35 above.

37. In response to paragraph 29 of Plaintiff's Complaint, Defendant admits that by July of 2004 Cosmic had not held a formal annual meeting of shareholders or sent notice that the corporation would be declaring any dividend distributions.  Except as so admitted,

DEFENDANT RAMA GOGINENI'S ANSWER TO PLAINTIFF'S COMPLAINT

1     Defendant lacks knowledge or information sufficient to form a belief as to the truth of

2     the remaining allegations therein and therefore denies the same.

3     38. In response to paragraph 38 of Plaintiff's Complaint, Defendant admits that on July 2,

4     2004, Plaintiff sent Gogineni and BHB a letter.  Except as so admitted, Defendant

5     denies each and every allegation contained in said paragraph.

6     39. In response to paragraph 39 of Plaintiff's Complaint, Defendant denies each and

7     every allegation contained therein.

8     40. In response to paragraph 40 of Plaintiff's Complaint, Defendant admits that in

9     response to Plaintiff's July 2, 2004 letter, BHB sent Plaintiff "Financial Statements"

10     for Cosmic for fiscal years 2000, 2001, 2002, 2003.  Except as so admitted,

11     Defendant denies each and every allegation contained in said paragraph.

12     41. In response to paragraph 41 of Plaintiff's Complaint, Defendant admits that in 2006,

13     BHB provided Plaintiff with "Financial Statements" for Cosmic for fiscal years 2004,

14     2005 and for the first quarter of 2006.  Except as so admitted, Defendant denies each

15     and every allegation contained in said paragraph.

16     42. In response to paragraph 42 of Plaintiff's Complaint, Defendant denies each and

17     every allegation contained therein.

18     43. In response to paragraph 43 of Plaintiff's Complaint, Defendant denies each and

19     every allegation contained therein.

20     44. In response to paragraph 44 of Plaintiff's Complaint, Defendant admits that Plaintiff

21     made several attempts through the courts to obtain Cosmic's banking records.  Except

22     as so admitted, Defendant denies each and every allegation contained in said

23     paragraph.

24     45. In response to paragraph 45 of Plaintiff's Complaint, Defendant denies each and

25     every allegation contained therein.

26     46. In response to paragraph 46 of Plaintiff's Complaint, Defendant denies each and

27     every allegation contained therein.

28

47. In response to paragraph 47 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

48. In response to paragraph 48 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

49. In response to paragraph 49 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

50. In response to paragraph 50 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

51. In response to paragraph 51 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

52. In response to paragraph 52 of Plaintiff's Complaint, Defendant hereby incorporates herein by reference each and every response set forth in paragraphs 1 through 51 above.

53. In response to paragraph 53 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

54. In response to paragraph 54 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

55. In response to paragraph 55 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

56. In response to paragraph 56 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

57. In response to paragraph 57 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

58. In response to paragraph 58 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

59. In response to paragraph 59 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

DEFENDANT RAMA GOGINENI'S ANSWER TO PLAINTIFF'S COMPLAINT

60. In response to paragraph 60 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

61. In response to paragraph 61 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

62. In response to paragraph 62 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

63. In response to paragraph 63 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

64. In response to paragraph 64 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

65. In response to paragraph 65 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

66. In response to paragraph 66 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

67. In response to paragraph 67 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

68. In response to paragraph 68 of Plaintiff's Complaint, Defendant is informed and believes that Plaintiff obtained Cosmic's banking records on December 26, 2008. Except as so admitted, Defendant denies each and every allegation contained in said paragraph.

69. In response to paragraph 69 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

70. In response to paragraph 70 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

71. In response to paragraph 71 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

72. In response to paragraph 72 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

73. In response to paragraph 73 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

74. In response to paragraph 74 of Plaintiff's Complaint, Defendant hereby incorporates herein by reference each and every response set forth in paragraphs 1 through 73 above.

75. In response to paragraph 75 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

76. In response to paragraph 76 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

77. In response to paragraph 77 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

78. In response to paragraph 78 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

79. In response to paragraph 79 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

80. In response to paragraph 80 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

81. In response to paragraph 81 of Plaintiff's Complaint, Defendant is informed and believes that Plaintiff obtained Cosmic's banking records on December 26, 2008 through a small claims action.  Except as so admitted, Defendant denies each and every allegation contained in said paragraph.

82. In response to paragraph 82 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

83. In response to paragraph 83 of Plaintiff's Complaint, Defendant hereby incorporates herein by reference each and every response set forth in paragraphs 1 through 82 above.

84. In response to paragraph 84 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

85. In response to paragraph 85 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

86. In response to paragraph 86 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

87. In response to paragraph 87 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

88. In response to paragraph 88 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

89. In response to Plaintiff's demand for judgment against Defendant located on page 18 of the Complaint, Defendant denies that Plaintiff is entitled to said relief, and/or including any relief at all.  Defendant seeks judgment in his favor and against Plaintiff in each, every and all respects.

## DEFENDANT'S AFFIRMATIVE DEFENSES

1. Plaintiff's claims for relief are barred, in whole or in part, by applicable statutes of limitations.

2. Plaintiff's claims for relief are barred, in whole or in part, for lack of any damages suffered (i.e. Plaintiff has suffered no damages as a result of Defendant's alleged conduct).

3. Plaintiff has failed to mitigate its damages, if any damages exist, which Defendant denies.

4. Plaintiff's damages, if any damages exist, which Defendant denies, were caused by third parties and/or intervening or superseding acts beyond the control or responsibility of Defendant.

5. The claims for relief asserted by Plaintiff are barred, in whole or in part, by Plaintiff's own material breach of Contract.

6. Plaintiff's reliance upon Defendant's alleged representations or courses of conduct was not reasonable or justifiable, given the facts and circumstances known or which should have been known to Plaintiff.

7.  To the extent Plaintiff suffered injury or damages, which Defendant denies, such injury or damages were not proximately caused by any of the alleged conduct by Defendant.

8.  Plaintiff's claims fail to state a claim upon which relief can be granted.

9.  Plaintiff's claims for relief are barred, in whole or in part, due to ratification, agreement, assent, acquiescence, and/or consent.

10. Plaintiff's claims for relief are barred, in whole or in part, by the equitable doctrines of estoppel, waiver, laches, and/or unclean hands.

11. Plaintiff's claims for relief are barred, in whole or in part, to the extent that Plaintiff has waived, released, relinquished, or abandoned any claim for relief against Defendant.

12. Plaintiff's claims for relief are barred, in whole or in part, due to assumption of the risk.

13. Plaintiff's damage claims are barred in part under the economic loss rule.

14. Plaintiff's claims for relief are barred, in whole or in part, due to res judicata and collateral estoppel.

15. Plaintiff's claims for relief are barred, in whole or in part, due to his failure to satisfy the pleading requirements for a derivative action.

16. Plaintiff is not entitled to the relief as requested because Plaintiff has failed to allege sufficient facts to sustain any of its claims.

17. Plaintiff did not perform all conditions necessary to permit recovery, in whole or in part, under the Agreement(s)/Contract(s).

18. Plaintiff's claims for relief are barred, in whole or in part, by Plaintiff's own fraudulent actions/omissions and/or bad faith.

19. Plaintiff's claims for relief are barred, in whole or in part, by the illegality of the relief sought and/or Plaintiff's own actions/omissions.

DEFENDANT RAMA GOGINENI'S ANSWER TO PLAINTIFF'S COMPLAINT

20. Plaintiff's damages, if any damages exist, which Defendant denies, are the result, in whole or part, of Plaintiff's own negligent and/or fraudulent conduct and/or the negligent and/or fraudulent conduct of third parties.

21. Plaintiff's claims for relief are barred, in whole or in part, because Plaintiff has failed to meet conditions precedent.

22. Plaintiff is indebted to Defendant in an amount in excess of any claims by Plaintiff against Defendant, and, therefore, Defendant is entitled to receive said amount, together with interest thereon, from Plaintiff.

23. Plaintiff failed to use the requisite due diligence in monitoring, managing and handling his own affairs, and that his damages, if any, were caused by his own failures and/or negligence.

24. Defendant respectfully reserves the right to add additional affirmative defenses as discovery and investigation reveal facts supporting said defenses and as such become known through the course of this litigation.

## JURY DEMAND

Defendant hereby demands a jury trial in this case.

Date: May 10, 2013                                        /s/ ERIC GRAVES
                                                          ERIC GRAVES
                                                          Stone & Graves
                                                          Attorneys for Defendant RAMA
                                                          GOGINENI

DEFENDANT RAMA GOGINENI'S ANSWER TO PLAINTIFF'S COMPLAINT

## CERTIFICATE OF SERVICE

I, Deseree Gamayo, declare and state:

I am over 18 years of age, employed in the County of Sacramento, and not a party to the within action. My business address is 11335 Gold Express Drive, Suite 145, Gold River, CA 95670.

On May 10, 2013, I served the following document(s):

**DEFENDANT RAMA GOGINENI'S ANSWER TO PLAINTIFF'S COMPLAINT**

on the following parties in said action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Kelly Crowe
8535 Olive School Road
Winters, CA 95694
t- 530-795-9506
alt. 916-838-0720

[xx]   (BY U.S. MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Gold River, California. I am familiar with my firm's practice whereby the mail is given the appropriate postage and is placed in a designated area to be deposited in a U.S. Mail box in Gold River, California, in the ordinary course of business.

[]   (BY FEDERAL EXPRESS MAIL) I caused such envelope to be placed in the Federal Express depository at Gold River, California.

[]   (BY PERSONAL SERVICE) delivered by hand to addressee at the address listed above.

[]   (BY FACSIMILE/TELECOPIER/MAIL) I personally sent to the addressee's telecopier number (stated above) a true copy of the above-described documents.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 10, 2013, at Gold River, California.

/S/ DESEREE GAMAYO
Deseree Gamayo