UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY CROWE, | No. 2:11-cv-3438 JAM DAD PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| RAMA GOGINENI, et al., | |
| Defendants. | |

This matter came before the undersigned on May 29, 2015, for hearing of plaintiff's motion for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure, ("Rules"). (Dkt. No. 122.) Plaintiff Kelly Crowe appeared on his own behalf. There was no appearance by, or on behalf of, defendant Rama Gogineni.[1] (Dkt. No. 123.)

According to plaintiff's motion, on March 25, 2015, he served interrogatories on defendant Gogineni's address of record which were returned as undeliverable. Plaintiff asks that defendant's affirmative defenses be stricken as a sanction for defendant's failure to respond or to participate in discovery. Rule 37 (d)(1)(A)(ii) provides that "[t]he court where the action is pending may, on motion, order sanctions if . . . . a party, after being properly served with

---

[1] Defendant also Gogineni did not file an opposition or statement of non-opposition to plaintiff's motion. As discussed at prior hearings held in this action, it appears that at a time uncertain, defendant Gogineni left the United States and there is no indication that he intends to return.

1

1 interrogatories under Rule 33 . . . fails to serve its answers, objections, or written response." Rule 37(b)(2) defines permissible sanctions to include striking pleadings in whole or in part.

Moreover, "[i]f a party fails to . . . respond to properly noticed interrogatories or requests for production, sanctions may be imposed even in the absence of a prior court order." Microsoft Corp. v. Marturano, No. 1:06-CV-1747 OWW GSA, 2009 WL 650589, at *3 (E.D. Cal. Mar. 12, 2009). See also Minnesota Min. & Mfg. Co. v. Eco Chem, Inc., 757 F.2d 1256, 1261 (Fed. Cir. 1985) ("the district court appropriately decided that ECI's action amounted to a total failure to respond. Thus, sanctions under Rule 37(d) were permissible without a prior order"); Sigliano v. Mendoza, 642 F.2d 309, 310 (9th Cir. 1981) ("Sigliano's argument that an order to compel discovery is a prerequisite to dismissal is without merit.  Dismissal is a proper sanction under Rule 37(d) for a serious or total failure to respond to discovery even without a prior order."); Frontier Contracting, Inc. v. Allen Engineering Contractor, Inc., No. 1:11-cv-1590 LJO SAB, 2013 WL 663429, at *5 (E.D. Cal. Feb. 22, 2013) ("Dismissal may be imposed under Rule 37 even in the absence of a prior order to compel discovery.").

Finally, defendant Gogineni's complete failure to participate in the discovery phase of this action is part of a willful effort to delay and obstruct this lawsuit, thus making the striking of defendant's affirmative defenses an appropriate sanction under Rule 37 for his failure to respond to the propounded interrogatories. See Dependahl v. Falstaff Brewing Corp., 653 F.3d 1208, 1213 (8th Cir. 1981); see also PeerMusic, III, Ltd. v. LiveUniverse, Inc., No. CV 09-6160-GW (PLAx), 2011 WL 672585, *9-10 (C.D. Cal. Jan 26, 2011).

Here, defendant Gogineni has failed to respond in any way to plaintiff's properly served interrogatories and plaintiff's motion should, therefore, be granted.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's May 1, 2015 motion for sanctions (Dkt. No. 122) be granted; and
2. Defendant Gogineni's affirmative defenses be stricken.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven days after

being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 21, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\crowe3438.mot.sanctions.f&rs.docx

3