1

2

3

4

5

6

7

8

9              UNITED STATES DISTRICT COURT

10          FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12   KELLY CROWE,                          No.  2:11-cv-3438-EFB PS

13              Plaintiff,

14          v.                             ORDER TO SHOW CAUSE

15   ENGINEERS AND SCIENTISTS OF
     CALIFORNIA, LOCAL 20-
16   INTERNATIONAL FEDERATION OF
     PROFESSIONAL AND TECHNICAL
17   ENGINEERS; and THE PERMANENTE
     MEDICAL GROUP, INC.,
18
                Defendants.
19

20

21          On April 21, 2014, the court granted attorney Jeff Stone's motion to withdraw as attorney

for defendant Rama Gogineni.[1]  ECF No. 109.  Mr. Gogineni has not retained new counsel and

22   has been proceeding in this action pro se.  As detailed below, since the withdrawal of his counsel,

23   Mr. Gogineni has failed to follow this court's orders and has failed to comply with the Federal

24   Rules of Civil Procedure and the Local Rules.

25   /////

26

27   _____

[1]  This case was reassigned to the undersigned pursuant to the parties' consent.  *See* ECF
28   Nos. 5, 6, 133; *see also* E.D. Cal. L.R. 305; 28 U.S.C. § 636(c).

On May 9, 2014, the court continued a previously set Status (Pretrial Scheduling) Conference to June 20, 2014. ECF No. 112. All parties were directed to appear at the conference, and Mr. Gogineni was directed to file and serve a status report on or before June 13, 2014. *Id.* Mr. Gogineni did not file a status report, nor did he appear at the pretrial scheduling conference. *See* ECF No. 115. Plaintiff subsequently filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 37, which was noticed for hearing on May 29, 2015. ECF No. 122. Mr. Gogineni failed to timely file an opposition or statement of non-opposition in the time prescribed by Local Rule 251(e) and did not appear at the May 29 hearing. *See* ECF No. 125; *see also* E.D. Cal. L.R. 251(e) (requiring a responding party to file an opposition to a motion for sanctions under Federal Rule of Civil Procedure 37 no later than 7 days before the hearing date).

On August 26, 2015, the court set a final pretrial conference for December 4, 2015, and directed the parties to file their pretrial statements by November 30, 2015. ECF Nos. 115, 126; *see* E.D. Cal. L.R. 281(a)(1) (requiring the parties to file separate pretrial statements not less than 14 days before the pretrial conference). The conference was subsequently reset for December 7, 2015. In violation of the court's order and the federal and local rules, Mr. Gogineni failed to file a pretrial statement and failed to appear at the pretrial conference. He also twice failed to timely file an opposition or statement of non-opposition to plaintiff's motions to modify the court's scheduling order (ECF Nos. 116, 124) as required by the court's Local Rules. *See* E.D. Cal. L.R. 230(c) (requiring an opposition or statement of non-opposition to a motion to be filed not less than 14 days before the hearing date).

Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be grounds for dismissal, judgment by default, or other appropriate sanctions. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

/////

2

1    In light of Mr. Gogineni's continuous violations of the Federal Rules of Civil Procedure

2    and the court's Local Rules and orders, it is hereby ORDERED that:

3        1.  Defendant Rama Gogineni shall show cause, in writing, no later than December 23,

4    2015, why sanctions should not be imposed, including striking his Answer to the complaint, or in

5    the alternative his demand for jury included in that Answer, [2] for failure to comply with the

6    Federal Rules of Civil Procedure, court orders, and the court's Local Rules.

7        2.  Failure to timely respond to this order will result in the imposition of sanctions,

8    including striking the first amended answer's demand for a jury trial.

9    DATED:  December 10, 2015.

10   _____

11   EDMUND F. BRENNAN
     UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24   _____

25   [2]  Mr. Gogineni's repeated violations of court orders and the local and federal rules could
     well support an ultimate sanction of striking his answer and an entry of his default.  However,
26   given the federal policy favoring resolution of cases on their merit and in light of plaintiff's
     request to proceed with a bench trial, the court considers striking the jury demand a less draconian
27   sanction than striking the answer.  *Cf R & R Sails, Inc. v. Insurance Co. of Pennsylvania*, 673
     F.3d 1240, 1246 (9th Cir. 2012) (holding that when a sanction amounts to dismissal, the court
28   must consider the availability of lesser sanctions).

3