UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY CROWE,<br><br>        Plaintiff,<br><br>   v.<br><br>ENGINEERS AND SCIENTISTS OF CALIFORNIA, LOCAL 20- INTERNATIONAL FEDERATION OF PROFESSIONAL AND TECHNICAL ENGINEERS; and THE PERMANENTE MEDICAL GROUP, INC.,<br><br>        Defendants. | No.  2:11-cv-3438-EFB PS<br><br><br>ORDER |

On April 21, 2014, the court granted attorney Jeff Stone's motion to withdraw as attorney for defendant Rama Gogineni.[1]  ECF No. 109.  Mr. Gogineni has not retained new counsel and has been proceeding in this action pro se.  Since the withdrawal of his counsel, Mr. Gogineni has failed to follow this court's orders and has failed to comply with the Federal Rules of Civil Procedure and the Local Rules.  His several violations are chronicled below.

On May 9, 2014, the court continued a previously set Status (Pretrial Scheduling) Conference to June 20, 2014.  ECF No. 112.  All parties were directed to appear at the

---

[1] This case is before the undersigned pursuant to the parties' consent.  *See* ECF Nos. 5, 6, 133; *see also* 28 U.S.C. § 636(c).

1

conference, and Mr. Gogineni was directed to file and serve a status report on or before June 13, 2014. *Id*. Mr. Gogineni did not file a status report, nor did he appear at the pretrial scheduling conference. *See* ECF No. 115. Plaintiff subsequently filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 37, which was noticed for hearing on May 29, 2015. ECF No. 122. In violation of Local Rule 251(e), Mr. Gogineni failed to timely file an opposition or statement of non-opposition and did not appear at the May 29 hearing. *See* ECF No. 125; *see also* E.D. Cal. L.R. 251(e) (requiring a responding party to file an opposition to a motion for sanctions under Federal Rule of Civil Procedure 37 no later than 7 days before the hearing date).

On August 26, 2015, the court set a pretrial conference for December 4, 2015, and directed the parties to file their pretrial statements by November 30, 2015. ECF Nos. 115, 126; *see* E.D. Cal. L.R. 281(a)(1) (requiring the parties to file separate pretrial statements not less than 14 days before the pretrial conference). The conference was subsequently reset for December 7, 2015. Mr. Gogineni once again violated the court's orders and Local Rules by failing to file a pretrial statement and failing to appear at the pretrial conference. Plaintiff has also moved twice to modify the court's scheduling order. ECF Nos. 116, 124. Mr. Gogineni did not timely file an opposition or statement of non-opposition to these motions as required by the court's Local Rules. *See* E.D. Cal. L.R. 230(c) (requiring an opposition or statement of non-opposition to a motion to be filed not less than 14 days before the hearing date).

Accordingly, on December 10, 2015, the court ordered Mr. Gogineni to show cause, in writing, no later than December 23, 2015, why sanctions should not be imposed, including striking his answer to the complaint, or in the alternative his demand for jury trial. ECF No. 135. To date, Mr. Gogineni has not responded to the order to show cause.

Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be grounds for dismissal, judgment by default, or other appropriate sanctions. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Pro se
/////

1 litigants are bound by the rules of procedure, even though pleadings are liberally construed in
2 their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

3      Mr. Gogineni's repeated violations of court orders and the local and federal rules may
4 well support an ultimate sanction of striking his answer and an entry of his default. However,
5 given the federal policy favoring resolution of cases on their merit and in light of plaintiff's
6 request to proceed with a bench trial, the court imposes the less draconian sanction of striking Mr.
7 Gogineni's request for a jury demand. *Cf. R & R Sails, Inc. v. Insurance Co. of Pennsylvania*,
8 673 F.3d 1240, 1246 (9th Cir. 2012) (holding that when a sanction amounts to dismissal, the court
9 must consider the availability of lesser sanctions).

10      Accordingly, it is hereby ORDERED that defendant Gogineni's jury demand (ECF No.
11 88) is stricken.

12 DATED: January 12, 2016.

                                   EDMUND F. BRENNAN
                                   UNITED STATES MAGISTRATE JUDGE