UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY CROWE,<br><br>        Plaintiff,<br><br>    v.<br><br>RAMA GOGINENI,<br><br>        Defendant. | No. 2:11-cv-3438-EFB<br><br><br><br>ORDER |

This matter was before the court on December 14, 2016, for hearing on plaintiff's motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure ("Rule") 59(e).[1] Plaintiff appeared pro se; no appearance was made on behalf of defendant Rama Gogineni.[2] For the reasons explained below, the motion is granted in part and denied in part.[3]

---

[1] Plaintiff also filed a motion for a new trial pursuant to Rule 59(b), which he styled as a motion to alter or amend the findings of fact and conclusions of law. ECF No. 160. At the hearing on the motion, plaintiff explained he does not seek a new trial. Rather, he only moves to alter or amend the judgment. In light of that representation, the motion for a new trial is deemed withdrawn.

[2] As explained in prior orders, defendant Gogineni abandoned his defense of this case. Despite his absence, the matter proceeded to a bench trial to enable plaintiff to present proof to establish the merits of his claims and his damages. *See* ECF Nos. 137, 152.

[3] This case was reassigned to the undersigned based on the consent of the parties. ECF No. 133; *see also* E.D. Cal. L.R. 305; 28 U.S.C. § 636(b)(1).

1

I. Background

This case proceeded to a bench trial on January 25, 2016, on plaintiff's claims against defendant Rama Gogineni for fraudulent concealment, negligent misrepresentation, and breach of fiduciary duty. Plaintiff appeared pro se, and defendant Gogineni made no appearance.

The evidence at trial demonstrated that plaintiff and Gogineni agreed to go into business together and formed a staffing agency that operated under the name Cosmic Technologies Corp. ("Cosmic"). Cosmic successfully placed several consultants with a company, which resulted in plaintiff receiving substantial profit distributions from early 2000 through May 2003. However, in June 2003, Gogineni stopped distributing profits and the parties' working relationship significantly deteriorated. *Id*. Ultimately, the parties' differences led to litigation in state court in two lawsuits over ownership of Cosmic stock.

In October 2006, Gogineni filed a certificate of dissolution and Cosmic was dissolved. *Id*. at 5. Plaintiff subsequently requested that he be provided his portion of the corporation's assets, but was informed by Cosmic's counsel that the corporation had incurred substantial costs in litigating the state court actions, and that Cosmic did not anticipate having any remaining assets for distribution.

However, evidence submitted at trial showed that Gogineni used Cosmic funds for more than just paying the corporation's legal fees. Although plaintiff's last profit distribution was received in May 2003, Gogineni continued to receive checks from Cosmic until September 2005. Between February 2003 and January 2006, Cosmic also made payments to Titan Info Tech Corp. ("Titan"), a corporation Gogineni formed shortly after the parties started their staffing agency. Gogineni also wrote checks, on behalf of Cosmic, to one of his relatives living in India and to law firms that did not provide legal services for Cosmic.

Based on the evidence presented at trial, the court found that plaintiff established that Gogineni breached his fiduciary duty he owed to plaintiff, and that plaintiff sustained damages in the amount of $921,110.58. ECF No. 152 at 9-11. The court, however, also found that plaintiff had not produced evidence showing that he justifiably relied on a statement or omission by Gogineni, and therefore failed to establish his right to relief on his fraudulent concealment and

negligent misrepresentation claims. *Id*. at 6-8. Accordingly, judgment was entered in plaintiff's favor in the amount $921,110.58 based on his breach of fiduciary duty claim. ECF No. 153.

II.   Legal Standard

Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The Ninth Circuit has identified four grounds for providing relief under Rule 59(e): (1) to correct manifest errors of law or fact upon which the judgment is based, (2) to present newly discovered or previously unavailable evidence, (3) to apply an intervening change in the law, and (4) to prevent manifest injustice. *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999) (per curiam and en banc). A district court has considerable discretion in ruling on a motion brought pursuant to Rule 59(e). *Id*. "While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). When seeking reconsideration, a party is not permitted to "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id*.

III.   Discussion

Plaintiff moves to alter or amend the judgment, arguing that it is based on several manifest errors of law and fact. Specifically, he argues that the court erred in (1) calculating his damages, (2) failing to award prejudgment interest and (3) punitive damages, and (4) finding that he failed to establish his right to relief on his fraudulent concealment and negligent misrepresentation claims. ECF No. 159.

    A.   Calculation of Damages

Plaintiff first argues that the court made a "transcription error" in calculating his damages. ECF No. 159-1 at 3. Specifically, he contends that the court incorrectly concluded that the evidence showed that Gogineni improperly transferred only $240,630 of Cosmic's funds to Titan. *Id*.

/////

3

As noted above, the court found that plaintiff sustained $921,110.58 in damages based on Gogineni improperly transferring Cosmic's profits to himself and third-parties. ECF No. 152 at 9-11. In calculating the amount of damages, the court found that plaintiff's trial exhibit 39a established that Gogineni transferred $240,630 to Titan, and that plaintiff was entitled to receive half of these funds. ECF No. 152 at 10-11.

Plaintiff, however, correctly observes that exhibit 39a reflects that Gogineni transferred $480.630, not $240,630, in funds to Titan. *See* ECF No. 148. As plaintiff was entitled to half of Cosmic's profits, the transfers of $480,630 to Titan caused plaintiff to sustain $240,315. Because the judgment only awarded $120,315 (one-half of $240,630) based on the wrongful transfers to Titan, the judgment will be amended to increase plaintiff's damages by $120,000. Accordingly, the judgment will be amended to reflect that plaintiff sustained damages in the amount of $1,041,110.58.

B. Prejudgment Interest

Plaintiff also moves to amend the judgment to add compound prejudgment interest. ECF No. 159-1 at 3-6.

Where a court fails to award prejudgment interest, a plaintiff may bring a motion for such interest pursuant to Rule 59(e). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 176-177 (1989); *McCalla v. Royal MacCabees Life Ins. Co.*, 369 F.3d 1128, 1131-1132 (9th Cir. 2004). In federal diversity cases, state law governs whether a party is entitled to prejudgment interest. *In re Exxon Valdez*, 484 F.3d 1098, 1101 (9th Cir. 2007).

Under California law, the fact finder has discretion to award prejudgment interest "[i]n any action for the breach of an obligation not arising from contract," Cal. Civ. Code § 3288, including a breach of a fiduciary duty, *Michaelson v. Hamada*, 29 Cal. App. 4th 1566, 1586 (1994). "The primary purpose of an award of prejudgment interest is to compensate the plaintiff for the loss of use of money during the period before the entry of judgment, in order to make the plaintiff whole." *Bullock v. Philip Morris USA, Inc.*, 198 Cal. App. 4th 543, 573 (2011). "[A] party may recover prejudgment interest on an amount awarded as damages from the date the amount was both (1) due and owing and (2) certain or capable of being made certain by

4

calculation." *Id*. Damages are certain where the defendant "actually know[s] the amount owed or from reasonable available information could [] have computed that amount. Only if one of those two conditions is met should the court award prejudgment interest." *Chesapeake Indus., Inc. v. Togova Enters., Inc.*, 149 Cal. App. 3d 901, 907 (1983). Unless a statute governing the type of claim specifies otherwise, prejudgment interest is to be awarded at a rate of 7 percent. *Michelson*, 29 Cal. App. 4th at 1585.

Here, prejudgment interest is appropriate as Gogineni's conduct deprived plaintiff of the use of the money he was owed at the time of each distribution. Moreover, Gogineni would have known the amount he owed plaintiff at the time of each profit distribution, as each party was entitled to equal distributions. Thus, on the date of each distribution, the amount owed would be certain. However, calculating prejudgment interest is complicated by the fact that there were numerous distributions over the course of several years. Plaintiff acknowledges this much, and offers to remove the burden by proposing that interest be calculated from the date Gogineni made the last profit distribution. ECF No. 159-1 at 6.

Plaintiff's proposal is more than reasonable and is adopted. The evidence presented at trial shows that the last distribution was made on October 13, 2006. *See* ECF No. 149 (Ex. 38a). Accordingly, plaintiff is entitled to prejudgment interest at a rate of 7 percent from that date. *See Lund v. Albrecht*, 936 F.2d 459, 464-65 (9th Cir 1991) (finding that under California law, prejudgment interest rate of 7 percent applied to breach of fiduciary duty claim as there is no relevant legislative act specifying a different rate). Moreover, the interest will be compounded as plaintiff's damages are predicated on Gogineni's breach of his fiduciary duty. *See Michelson*, 29 Cal. App. 4th at 1586 (finding that "an award of compound interest *is appropriate*" where the jury found that the defendant breached his fiduciary duty owed to the plaintiff) (emphasis in original); *Hardisty v. Moore*, 2015 WL 6393884, at *15 (S.D. Cal. Oct. 22, 2015) (under California law, compound interest is generally "awarded only if the defendants owed a fiduciary duty to the plaintiff.").

/////

/////

5

Based on $1,041,110.58 in damages, plaintiff is entitled to $1,145,809.32 in compound interest from October 13, 2016 through the date of this order and entry of an amended judgment, for a total award of $2,186,919.90.[4]

C. <u>Punitive Damages</u>

Plaintiff next argues that the court erred by failing to address in its findings of fact his request for punitive damages. ECF No. 15-1 at 6.

California Civil Code § 3294(a) provides, in relevant part:

> In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.

"[A] breach of fiduciary duty alone without malice, fraud or oppression does not permit an award of punitive damages. The wrongdoer must act with the intent to vex, injure, or annoy, or with a conscious disregard of the plaintiff's rights." *Lackner v. North*, 135 Cal. App. 4th 1188, 1210 (2006). "Under California law, a punitive damages award must be based on three factors: (1) the reprehensibility of the defendant's conduct; (2) the amount of compensatory damages awarded to or actual harm suffered by the plaintiff; and (3) the defendant's financial condition." *Behr v. Redmond*, 193 Cal. App. 4th 517, 535 (2011); *see also State Farm Mut. Auto Ins. Co. v. Compbell*, 538 U.S. 408, 418 (2003).

Although plaintiff requested punitive damages in his trial brief (ECF No. 139 at 30), at trial he did not advance any arguments in support of that request, nor did he submit evidence sufficient to support punitive damages. Notably, plaintiff did not present any evidence regarding Gogineni's financial condition.

As observed by the California Supreme Court, "the quintessence of punitive damages is to deter future misconduct by the defendant," and therefore "the most important question is whether the amount of the punitive damages award will have deterrent effect—without being excessive."

---

[4] Compound interest was calculated using the following formula: Total Amount = P(1 + R)N. In this equation, "P" stands for principal amount ($1,041,110.58 ), "R" stands for the rate (7%), and "N" is the number of years (4004 days/365).

6

*Adams v. Murakami*, 54 Cal.3d 105, 110 (1991). Thus, "an award of punitive damages cannot be sustained . . . unless the trial record contains meaningful evidence of the defendant's financial condition." *Baxter v. Peterson*, 150 Cal. App. 4th 673, 680 (2007) (quoting *Adams v. Murakami*, 54 Cal.3d 105, 109 (1991)); *see also Sleep Concepts Therapy, LLC v. Evans*, 2016 WL 1179099, at * 10 (Cal. App. Mar. 25, 2016) ("The punitive damage award cannot be sustained also because [plaintiff] presented no meaningful evidence of appellants' financial condition."). This is because "the function of deterrence . . . will not be served if the wealth of the defendant allows him to absorb the award with little or no discomfort. By the same token, of course, the function of punitive damages is not served by an award which in light of the defendant's wealth . . . exceeds the level necessary to properly punish and deter." *Baxter*, 150 Cal. App. 4th at 680.

Plaintiff contends, however, that he presented evidence of defendant's wealth by submitting "checks, answers to interrogatories, and requests for admissions showing how much money defendant Gogineni received from Cosmic." ECF No. 159-1 at 7. He argues that from the evidence submitted at trial "the court can conclude Gogineni's current wealth to be well beyond double the $1,041,110.58" he is entitled to receive as compensatory damages.

The evidence plaintiff now relies upon only concerns the money Gogineni misappropriated from Cosmic, and does not provide any indication as to his overall financial condition. Consequently, this evidence does not allow the court to fashion an award of punitive damages that would serve as a deterrent without being excessive. *See Adams*, 54 Cal.3d at110. Accordingly, plaintiff has failed to demonstrate a manifest error based on the absence of an award of punitive damages.

D.  Fraudulent Concealment and Negligent Misrepresentation Claims

Lastly, plaintiff argues that the court erred in finding that he failed to establish his entitlement to relief on his fraudulent concealment and negligent misrepresentation claim. ECF No. 159-1 at 6.

To succeed on his fraudulent concealment claim, plaintiff was required to prove that (1) defendant concealed or suppressed a material fact, (2) that he was under a duty to disclose the fact to plaintiff, (3) defendant intentionally concealed or suppressed the fact with the intent to defraud,

7

(4) plaintiff was unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) plaintiff sustained damages as a result of the concealment or suppression of the fact. *Levine v. Blue Shield of Cal.*, 189 Cal. App. 4th 1117, 1126-1127 (2010).

For his negligent misrepresentation claim, plaintiff was required to demonstrate (1) the defendant made a false representation as to a past or existing material fact; (2) the defendant had no reasonable ground for believing the representation was true; (3) in making the representation, the defendant intended to deceive the plaintiff; (4) the plaintiff justifiably relied on the representation; and (5) the plaintiff suffered resulting damages. *West v. JPMorgan Chase Bank, N.A.*, 514 Cal. App. 4th 780, 792 (2013).

In its findings of fact and conclusions of law, the court found that both claims failed for failure to establish justifiable reliance. Specifically, the court observed:

> [P]laintiff failed to submit evidence establishing the fourth element of fraudulent concealment—that he would have acted in a different manner had he known of the improper distributions of Cosmic funds. Stated differently, plaintiff has failed to establish that Gogineni's concealment resulted in justifiable reliance. "Reliance can be proven in a fraudulent omission case by establishing that had the omitted information been disclosed, the plaintiff would have been aware of it and acted differently." *Boschma v. Home Loan Center, Inc.*, 198 Cal. App. 4th 230, 250-251 (2011). Gogineni's concealment of his misappropriation of funds did not cause plaintiff to act in a manner different from how he would have acted had he known of Gogineni's conduct. Rather, Gogineni's concealments merely served to cover up his wrongful conduct, not to induce any action by plaintiff.

ECF No. 152 at 7-8. As for plaintiff's negligent misrepresentation claim, the court found that plaintiff had failed to demonstrate that Gogineni induced plaintiff to act in a manner different than he would have. *Id*. at 8.

Plaintiff asserts that the court erred in finding that the evidence did not establish justifiable reliance. He now argues that Gogineni's suppression of the fact that he was misappropriating Cosmic's funds for his own benefits induced plaintiff to refrain from acting. Thus, plaintiff contends that Gogineni's conduct induced plaintiff to "not to bring suit for his fair share of

/////

/////

Cosmic's profits for several years."[5] ECF No. 159-1 at 10. He further argues that his "forbearance in filing suit for his fair share of Cosmic's profit can be seen on the face of the complaint which shows this action was not filed until December 27, 2011 – 5 years after the last profit distribution was made to Gogineni." *Id*.

Plaintiff essentially argues that the timing of the instant suit constitutes evidence demonstrating that misrepresentations and concealments by Gogineni were intended to prevent plaintiff from acting in a certain manner. Plaintiff, however, did not advance this argument at trial, nor did he submit any evidence in support of it. Accordingly, he fails to demonstrate any error warranting relief under Rule 59(e). *See Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir 2000) ("A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could have reasonably been raised earlier in the litigations.") (emphasis in original).

IV      Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to alter or amend the judgment pursuant to Rule 59(e) (ECF No. 159) is granted in part and denied in part as follows:

    a. The motion is granted as to plaintiff's requests to correct the amount of damages sustained and to award compounding interest, resulting in a total award of $2,186,919.90; and

    b. The motion is denied in all other respects.

2. Plaintiff's motion for a new trial (ECF No. 160) is deemed withdrawn and the Clerk is directed to terminate the motion.

/////

/////

/////

---

[5] The suggestion that plaintiff chose to forebear bringing the lawsuit at an earlier time is difficult to reconcile with the evidence that plaintiff was not aware at that time there was any reason to bring an action.

9

3. The Clerk is directed to enter an amended judgment in plaintiff's favor on his breach of fiduciary duty claim.

DATED: September 27, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE