**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 7 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KELLY CROWE,<br><br>　　　　Plaintiff-Appellant,<br><br>　v.<br><br>RAMA GOGINENI; BULLIVANT, HOUSER, BAILEY, P.C., an Oregon corporation,<br><br>　　　　Defendants-Appellees. | No. 17-17231<br><br>D.C. No. 2:11-cv-03438-EFB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Edmund F. Brennan, Magistrate Judge, Presiding

Submitted June 5, 2019**

Before:   Wallace, Farris, and Trott, Circuit Judges.

Kelly Crowe appeals pro se from the district court's order, in Crowe's diversity action, granting defendant Bullivant, Houser, and Bailey, P.C.'s ("BHB") special motion to strike under California's anti-Strategic Litigation Against Public

---

　　* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Policy ("anti-SLAPP") statute.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Manufactured Home Cmtys., Inc. v. County of San Diego*, 655 F.3d 1171, 1176 (9th Cir. 2011).  We affirm.

The district court properly granted BHB's special motion to strike because BHB met its prima facie burden of showing that each cause of action arose out of BHB's protected petitioning activity and Crowe failed to show a probability of prevailing on the merits.  *See* Cal. Civ. Proc. Code § 425.16(e); *Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1163 (9th Cir. 2011) (once a defendant makes a prima facie showing that plaintiff's suit arises from the defendant's protected activity, the burden shifts to plaintiff to establish a reasonable probability of prevailing on the claim); *see also Finton Constr., Inc. v. Bidna & Keys, APLC*, 190 Cal. Rptr. 3d 1, 9 (Ct. App. 2015) ("[A]ll communicative acts performed by attorneys as part of their representation of a client in judicial proceedings or other petitioning context are per se protected as petitioning activity by the anti-SLAPP statute." (citation omitted)).  Crowe's allegations against BHB were based entirely on BHB's legal representation, or communications on behalf of, its client, Cosmic.

Contrary to Crowe's contentions, the district court did not commit reversible error by failing to provide Crowe with an opportunity to conduct discovery.  *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) ("A district court is vested with broad discretion to permit or deny discovery, and a decision to

deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant. Prejudice is established if there is a reasonable probability that the outcome would have been different had discovery been allowed." (internal quotation and citation omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Because Crowe does not raise any challenges to the district court's rulings relating to defendant Rama Gogineni, the Clerk shall edit the docket to reflect that Gogineni is not an appellee in this appeal.

**AFFIRMED.**